IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NADINE BELSHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-06-578-M |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner, Social ) | |
| Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff Nadine Belsher seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse and remand for further proceedings.

I.   BACKGROUND

Ms. Belsher applied for insurance benefits based on an alleged disability. *See* Administrative Record at pp. 68-70 (certified Sept. 20, 2006) ("Rec."). The SSA denied the application initially and on reconsideration. *Id.* at pp. 24-25. A hearing took place,[2] and the

---

[1]   In the complaint, Ms. Jo Anne B. Barnhart was named as the defendant. During the pendency of the action, Mr. Michael Astrue became the Commissioner of the Social Security Administration. Thus, the Court substitutes Mr. Astrue as the defendant. *See* Fed. R. Civ. P. 25(d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency . . . ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party."); *see also* 42 U.S.C. § 405(g) (2000) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2]   *See* Rec. at pp. 340-81.

administrative law judge found that the Plaintiff was not disabled in light of her ability to perform past relevant work.[3] The Appeals Council declined jurisdiction,[4] and the present action followed.

## II.   STANDARD OF REVIEW

The Court's review entails only a determination of whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Emory v. Sullivan*, 936 F.2d 1092, 1093 (10th Cir. 1991). Evidence is substantial if it is greater than a scintilla. *See Sisco v. United States Department of Health & Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). However, a court may not reweigh the evidence or substitute its judgment for that of the SSA. *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1498 (10th Cir. 1992).

## III.   CONSIDERATION OF DR. GRAHAM'S RESIDUAL FUNCTIONAL CAPACITY ASSESSMENT

The administrative law judge erred in his consideration of opinions offered by Dr. Treva Graham. The error dictates reversal.

---

[3]   Rec. at pp. 13-23.

[4]   Rec. at pp. 6-8.

In assessing the residual functional capacity ("RFC"), the administrative law judge must consider all medical source opinions. *See* 20 C.F.R. § 404.1527(c).[5]

The SSA's threshold duty is to discuss the opinions and explain any departure from them. The SSA has stated: "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Social Security Ruling 96-8p, *Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims*, 1996 WL 374184, Westlaw op. at 7 (July 2, 1996).[6] The judge must also:

- determine the weight given to the opinion based on the length and nature of the treatment relationship, frequency of examinations, degree to which the opinion is supported by relevant evidence, consistency of the opinion with the record as a whole, and specialization of the doctor rendering the opinion;[7] and

- "provide specific, legitimate reasons" when the medical opinion is rejected.[8]

---

[5] The Plaintiff argues that Dr. Graham was a "treating physician." The Court need not determine whether this characterization is accurate. Regardless of whether Dr. Graham was a treating doctor, she was unquestionably a "medical source." *See* 20 C.F.R. § 404.1502 (defining "[m]edical sources").

[6] Social security rulings are binding on the administrative law judge. *See Nielson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993) ("The [SSA's] rulings are binding on an [administrative law judge]." (citation omitted)).

[7] *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 & n.7 (10th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)-(6)); *see also* Social Security Ruling 96-5p, *Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner*, 1996 WL 374183, Westlaw op. at 5 (July 2, 1996) ("Adjudicators must weigh medical source statements under the rules set out in 20 CFR 404.1527 . . ., providing appropriate explanations for accepting or rejecting such opinions.").

[8] *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003) (citation omitted).

The administrative law judge failed to comply with these requirements.

Dr. Graham issued a "Medical Source Statement," which stated that Ms. Belsher:

- had chronic and severe leg and back pain supported by objective medical testing;

- could sit upright for 2 hours, followed by a need to lie down for 1 hour, for a total of 6 hours of sitting in an 8-hour workday;

- had an ability to walk 3 to 4 blocks at one time;

- could stand for only 30 minutes at one time and for 4 hours during an 8-hour workday;

- had an ability to lift 10 pounds,

- could complete a normal workweek only with marked interruptions from pain, fatigue, or physically based symptoms impairing her ability to perform at a consistent pace; and

- needed more than a 15 minute break in the morning and afternoon and a lunch break longer than an hour.

Rec. at pp. 307-308.

In evaluating Dr. Graham's opinions, the administrative law judge stated:

Treva Graham, M.D., was of the opinion that the claimant could sit upright at one time for two hours at a time, and sit upright a total of six hours in an eight-hour workday. She would be able to walk up to four blocks and stand for a total of four hours in and [sic] eight-hour workday. Lifting was limited to ten pounds. The residual functional capacity below is similar. Although Dr. Graham noted that Darvocet caused sleepiness, the claimant used Darvocet for only a short period of time. It appears that Dr. Graham only saw the claimant once before this occasion wherein the claimant was sent in specifically following the hearing to test for fibromyalgia. Therefore, the remaining statements are given limited credibility.

*Id.* at p. 20 (citations omitted).

The judge did not mention Dr. Graham's opinions about Ms. Belsher's:

- need to lie down after two hours of sitting;

- inability to complete a normal workweek without marked interruptions from symptoms such as pain and fatigue; and

- need for relatively lengthy breaks.

*See id.* at p. 308. The omissions constituted reversible error.

The Tenth Circuit Court of Appeals addressed a similar issue in *Haga v. Astrue*, ___ F.3d ___, 2007 WL 970157 (10th Cir. Apr. 3, 2007). There an examining doctor assessed the plaintiff's mental RFC. *See Haga v. Astrue*, 2007 WL 970157, Westlaw op. at 1. The administrative law judge adopted some of the doctor's conclusions, but failed to mention others. *See id.* The Tenth Circuit Court of Appeals concluded that the administrative law judge had committed reversible error, stating:

> We therefore agree that the [administrative law judge] should have explained why he rejected four of the moderate restrictions on [the physician's] RFC assessment while appearing to adopt the others. An [administrative law judge] is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.

*Id*, 2007 WL 970157, Westlaw op. at 2 (citation omitted).

*Haga* compels reversal and remand. The administrative law judge adopted some of Dr. Graham's restrictions, but disregarded others without any explanation.[9] In *Haga*, the

---

[9] The administrative law judge identified Dr. Graham's assessments involving the ability to sit upright, walk, and lift. Rec. at p. 20. According to the judge, her opinion about Ms. Belsher's ability to sit, walk, and lift was "similar" to Dr. Graham's opinions. *Id.* Then, the judge remarked:

> Although Dr. Graham noted that Darvocet caused sleepiness, the claimant used

5

Tenth Circuit Court of Appeals held that such selectivity constitutes reversible error. The same is true here. *See Confere v. Astrue*, 2007 WL 1196520, Westlaw op. at 2-3 (10th Cir. Apr. 24, 2007) (unpublished op.) (reversing under *Haga* when the administrative law judge's RFC assessment included some of the limitations identified by two doctors, but omitted others without any explanation).

The judge compounded the error by failing to weigh the appropriate factors or to give legitimate reasons for rejecting any of Dr. Graham's opinions. The administrative law judge provided two rationales:

- The Plaintiff had only seen the physician once before the assessment, and
- Ms. Belsher had taken Darvocet for only a short time.

Rec. at p. 20; *see supra* p. 4. Both reasons are unsupportable.

First, the Plaintiff had seen Dr. Graham twice prior to her issuance of the assessment. Ms. Belsher saw Dr. Graham on September 27, 2004, with complaints involving recent intensification of leg and back pain. Rec. at pp. 280-81, 307, 309. The doctor saw the Plaintiff again on April 5, 2005. *Id.* at pp. 307, 309. The administrative law judge apparently

---

Darvocet for only a short period of time.  It appears that Dr. Graham only saw the claimant once before this occasion wherein the claimant was sent in specifically following the hearing to test for fibromyalgia.  Therefore, the remaining statements are given limited credibility.

*Id.*; *see supra* p. 4.  But the judge failed to identify any of "the remaining statements" being given "limited credibility."  The ambiguity of the judge's remark prevents meaningful review and requires reversal.  *See Ledford v. Barnhart*, 197 Fed. Appx. 808, 810-11 (10th Cir. Oct. 19, 2006) (unpublished op.) (reversing because of the inability to determine whether the administrative law judge had considered certain medical evidence).

6

overlooked the first visit. *See* Rec. at p. 20; *see supra* pp. 4, 6-7. In the overlooked examination, Dr. Graham noted various physiological problems including fatigue; weakness; and pain in the joints, back, and leg. Rec. at pp. 280-81.

Second, the judge reasoned that Darvocet had caused sleepiness and that the Plaintiff had only used this medication for "a short period of time." *See supra* p. 4. But the record is silent regarding the length of time that the Plaintiff used Darvocet.

The administrative law judge committed reversible error in her selective reading of Dr. Graham's assessment. The judge disregarded material parts of the assessment and, without any explanation, viewed Ms. Belsher's physical abilities in a manner inconsistent with Dr. Graham's assessment. The judge gave only two reasons for departing from Dr. Graham's opinion and the record provides no support for either rationale. In these circumstances, the Court should reverse and remand for further proceedings.

IV.   THE PLAINTIFF'S REMAINING CLAIM

The Plaintiff also alleges a lack of substantial evidence to support the RFC determination. This issue need not be addressed.

The suggested remand would require consideration of Dr. Graham's assessment, which would entail a reevaluation of the Plaintiff's physical impairments. In the absence of a proper evaluation, the Court would have to speculate regarding the evidentiary support for the decision. Consequently, the administrative law judge's error prevents meaningful review over the sufficiency of the evidence for the RFC assessment. *See Drapeau v. Massanari*, 255

F.3d 1211, 1213-14 (10th Cir. 2001) ("when, as here, an [administrative law judge] does not provide any explanation for rejecting medical evidence, we cannot meaningfully review the [administrative law judge's] determination" (citations omitted)).

V.     RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse and remand for further proceedings.

Any party may file written objections with the Clerk of the United States District Court. See 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is June 6, 2007. *See* W.D. Okla. LCvR 72.1(a). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

VI.    STATUS OF THE REFERRAL

The referral is terminated.

Entered this 17th day of May, 2007.

_____
Robert E. Bacharach
United States Magistrate Judge