## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NADINE BELSHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-06-578-M |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

### ORDER

On June 20, 2007, United States District Judge Vicki Miles-LaGrange entered an Order and Judgment in this case reversing the decision of defendant Commissioner of the Social Security Administration ("Commissioner") and remanding this case for further administrative proceedings. Based on same, on September 18, 2007, plaintiff filed an Application for Attorney's Fees Under the Equal Access to Justice Act and Creation of a Constructive Trust with the Fee Award as the Trust *Res*. On September 21, 2007, the Commissioner filed his response, and on October 2, 2007, plaintiff filed her reply.

In her application, plaintiff requests an award of fees in the amount of $5,294.70 and further requests that said award either be paid directly to plaintiff's attorneys or, in the alternative, be deemed held in trust by plaintiff to pay her attorneys. In his response, the Commissioner states that he has no objection to plaintiff's request for fees in the amount of $5,294.70 but does object to the request either to pay the award directly to plaintiff's attorneys or to deem the award held in trust by plaintiff to pay her attorneys.

The Equal Access to Justice Act ("EAJA") provides, in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award <u>to a prevailing party</u> other than the United States fees and other

> expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). Thus, based upon the express language of the EAJA, the Court finds that the fee award is payable directly to plaintiff rather than her attorneys.[1]

Alternatively, plaintiff's counsel asserts that if payment of the fee award is made directly to plaintiff, the payment should be deemed held in trust by plaintiff to pay her attorneys. Plaintiff's counsel contends that counsel is the one who is equitably entitled to receive the fee the moment the award is made. Additionally, plaintiff's counsel states that the Fee Agreement entered into between plaintiff and her counsel "makes it clear that Belsher is equitable and contractually required to convey the EAJA fee award to Troutman, even if she receives the check herself." Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act and Creation of a Constructive Trust with the Fee Award as the Trust *Res* at 10.

As set forth above, the express language of the EAJA provides that the fee award is payable directly to plaintiff. Based upon this express language, the Court finds that the EAJA does not confer any authority on this Court to order that the payment of an EAJA fee award be made payable to plaintiff as trustee for her attorneys. Further, the Court finds that the Fee Agreement entered into between plaintiff and her counsel is a matter of private practice between plaintiff and her counsel

---

[1] The Court notes that this finding is further supported by the Tenth Circuit's statements in *McGraw v. Barnhart*, 450 F.3d 493, 503 (10th Cir. 2006) ("EAJA fees are not always available, and even if they are, the award is to the claimant, who may or may not tender that award to counsel, regardless of their agreement.")

and provides no authority for this Court to order the EAJA fees be paid to plaintiff as trustee for her attorneys. Finally, the Court finds that the interpretation and enforcement of the Fee Agreement is not a proper matter to be addressed through the instant application for EAJA fees.

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act and Creation of a Constructive Trust with the Fee Award as the Trust *Res* [docket no. 29] as follows: the Court GRANTS plaintiff's application for attorney's fees and AWARDS plaintiff EAJA fees in the amount of $5,294.70, to be paid directly to plaintiff, and the Court DENIES plaintiff's application for the creation of a constructive trust with the fee award as the trust *res*.

**IT IS SO ORDERED this 17th day of October, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE